**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS COAL COUNCIL, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DOUG BURGUM, in his official capacity as Secretary of the Interior,<br><br>Defendant. | Civil Action No. 1:26-cv-1348-RBW |

**DEFENDANT'S ANSWER TO PLAINTIFFS' PETITION FOR REVIEW AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Pursuant to Federal Rule of Civil Procedure 8, Defendant Doug Burgum, in his official capacity as Secretary of the U.S. Department of the Interior hereby responds to the allegations in Plaintiffs' Petition for Review and Complaint for Declaratory and Injunctive Relief ("Complaint"), Dkt. 1. The numbered paragraphs and section headings in this Answer correspond to the numbered paragraphs and section headings of the Complaint solely for ease of reference. Use of the section headings below does not constitute an admission or acknowledgment of the headings' relevance or accuracy. Any allegation not specifically admitted, denied, or qualified, is denied.

## INTRODUCTION

1. The allegations in Paragraph 1 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, Defendant denies the allegations and denies any unlawful action.

2. Defendant admits the allegations in Paragraph 2 that "Rescission of the 'Ten-Day Notices and Corrective Action for State Regulatory Program Issues' Rule, Issued April 9, 2024" ("2026 TDN Rule") was published in the *Federal Register* on February 19, 2026 (91 Fed. Reg. 7836). Any remaining allegations in Paragraph 2 purport to characterize the referenced rule, which speaks for itself and is the best evidence of its own contents. Defendant denies any allegation inconsistent with its plain language, context, or meaning.

3. Defendant denies the allegations in Paragraph 3.

4. The allegations in Paragraph 4 purport to characterize 30 U.S.C. § 1271(a)(1), which speaks for itself and is the best evidence of its own contents. Defendant denies any allegation inconsistent with its plain language, context, or meaning.

5. The allegations in Paragraph 5 purport to characterize cited provisions of the Surface Mining Control and Reclamation Act of 1977 ("SMCRA"), which speaks for itself and is the best evidence of its own contents. Defendant denies any allegation inconsistent with its plain language, context, or meaning.

6. The allegations in Paragraph 6 purport to characterize cited provisions of SMCRA, which speak for themselves and are the best evidence of their own contents. Defendant denies any allegation inconsistent with its plain language, context, or meaning.

7. The allegations in Paragraph 7 purport to characterize the cited legislative history of SMCRA, which speaks for itself and is the best evidence of its own contents. Defendant

denies any allegation inconsistent with its plain language, context, or meaning.

8. The allegations in Paragraph 8 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

9. The allegations in Paragraph 9 purport to characterize the cited Committee Report, which speaks for itself and is the best evidence of its own contents. Defendant denies any allegation inconsistent with its plain language, context, or meaning.

10. The allegations in the first sentence of Paragraph 10 purport to characterize the referenced 2020 Ten-Day Notice Rule ("2020 TDN Rule"), which speaks for itself and is the best evidence of its own contents. Defendant denies any allegation inconsistent with its plain language, context, or meaning. Defendant admits the allegations in the second sentence of Paragraph 10 that the 2020 TDN Rule was challenged in the referenced litigation, which was dismissed in April 2024, and denies any remaining allegations. The third, fourth, and fifth sentences of Paragraph 10 purport to characterize the 2026 TDN Rule, which speaks for itself and is the best evidence of its own contents. Defendant denies any allegation inconsistent with its plain language, context, or meaning.

**JURISDICTION AND VENUE**

11. The allegations in Paragraph 11 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

12. In response to the allegations in Paragraph 12, Defendant admits that venue is proper in this District but denies any remaining allegations.

13. The allegations in Paragraph 13 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

14. The allegations in Paragraph 14 consist of legal conclusions to which no

response is required. To the extent a response is required, Defendant denies the allegations.

15. The allegations in Paragraph 15 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

**PARTIES**

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and denies them on that basis.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and denies them on that basis. Defendant avers that Exhibit 2 appears to contain the affidavit of Aaron Isherwood.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and denies them on that basis.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and denies them on that basis.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and denies them on that basis.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and denies them on that basis.

22. The allegations in Paragraph 22 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and denies them on that basis.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and denies them on that basis.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and denies them on that basis.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and denies them on that basis. Defendant avers that the complaint does not contain an exhibit labeled "Exhibit 3."

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and denies them on that basis.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and denies them on that basis.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and denies them on that basis. Defendant avers that Aaron Isherwood's affidavit is labeled as Exhibit 2.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and denies them on that basis.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and denies them on that basis.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and denies them on that basis.

33. Defendant admits the allegations in Paragraph 33 that Sierra Club has previously submitted citizen complaints; Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 33 and denies them on that basis.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and denies them on that basis.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 35 and denies them on that basis. The allegations in the third sentence of Paragraph 35 purport to characterize the 2026 TDN Rule, which speaks for itself and is the best evidence of its own contents. Defendant denies any allegation inconsistent with its plain language, context, or meaning.

36. The allegations in the first sentence of Paragraph 36 purport to characterize the referenced ten-day notices, which speak for themselves and are the best evidence of their own contents. Defendant denies any allegation inconsistent with their plain language, context, or meaning. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 36 and denies them on that basis.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and denies them on that basis.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and denies them on that basis.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and denies them on that basis.

40. The allegations in Paragraph 40 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

41. Defendant admits the allegations in the first sentence of Paragraph 41 that one or more of the Plaintiff organizations have previously submitted ten-day notice requests. Defendant

otherwise lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in the first sentence of Paragraph 41 and denies them on that basis. The allegations in the second sentence of Paragraph 41, including use of the terms “use the process,” “ongoing,” “need arises,” “aggrieved,” “impediments,” “prompt,” “absence,” and “good cause for inaction,” are vague and ambiguous and lack necessary context for Defendant to attribute meaning or form a response to the allegations, and Defendant denies them on that basis.

42. The allegations in Paragraph 42 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

43. The allegations in Paragraph 43 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

44. The allegations in Paragraph 44 purport to characterize 30 U.S.C. § 1276(a)(1), which speaks for itself and is the best evidence of its own contents. Defendant denies any allegations inconsistent with its plain language, context, or meaning.

45. Defendant admits the allegations in the first and second sentences of Paragraph 45. The allegations in the third sentence in Paragraph 45 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

46. The allegations in the first sentence of Paragraph 46 purport to characterize 30 U.S.C. § 1276(a)(1), which speaks for itself and is the best evidence of its own contents. Defendant denies any allegations inconsistent with its plain language, context, or meaning. Defendant admits the allegations in the second sentence of Paragraph 46.

47. The allegations in Paragraph 47 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

48. Defendant admits the allegations in Paragraph 48.

49. Defendant admits the allegations in the first sentence of Paragraph 49 that the Secretary of the Interior oversees the Department and is ultimately responsible for implementing all statutes, regulations, and programs administered by and within the Department. Any remaining allegations in the first sentence of Paragraph 49 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. The allegations in the second sentence of Paragraph 49 purport to characterize SMCRA, which speaks for itself and is the best evidence of its own contents. Defendant denies any allegations inconsistent with its plain language, context, or meaning. The allegations of the third sentence of Paragraph 49 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

**FACTS**

50. Defendant admits the allegations in Paragraph 50.

51. Defendant admits the allegations in Paragraph 51 but avers that the copy of electronic receipt is not labeled Exhibit 5.

52. The allegations in Paragraph 52 purport to characterize Plaintiffs' comment on the proposed 2026 TDN Rule, which speaks for itself and is the best evidence of its own contents. Defendant denies any allegations inconsistent with its plain language, context, or meaning.

53. Defendant admits the allegation in Paragraph 53 that it caused the 2026 TDN Rule to be published on February 19, 2026, which speaks for itself and is the best evidence of its own contents. Defendant denies any allegations inconsistent with its plain language, context, or meaning, and Defendants denies any remaining allegations in Paragraph 53.

54. The allegations in Paragraph 54 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

## CLAIMS FOR RELIEF

## COUNT I

55. The responses to Paragraphs 1-54 are incorporated here by reference.

56. The allegations in Paragraph 56 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

56(a). Defendant denies the allegations in the first, third, and fourth sentences of Paragraph 56(a). The allegations in the second sentence of Paragraph 56(a) purport to characterize the 2026 TDN Rule, which speaks for itself and is the best evidence of its own content. Defendant denies any allegations inconsistent with its plain language, context, or meaning.

56(b). Defendant denies the allegations in the first, second, and third sentences of Paragraph 56(b). The allegations in the fourth sentence of Paragraph 56(b), including use of the terms "observed," "immediately," "subject to enforcement action," and "discovery," are vague and ambiguous and lack necessary context for Defendant to attribute meaning or form a response to the allegations, and Defendant denies them on that basis. The allegations in the fifth and sixth sentences of Paragraph 56(b) purport to characterize SMCRA, which speaks for itself and is the best evidence of its own content. Defendant denies any allegations inconsistent with its plain language, context, or meaning.

56(c). The allegations in Paragraph 56(c) consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

56(d). Defendant denies the allegations in the first sentence of Paragraph 56(d). The allegations in the second sentence of Paragraph 56(d) consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

56(e). Defendant denies the allegations in the first sentence of Paragraph 56(e). The allegations in the second and third sentences of Paragraph 56(e) consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. The allegations in the fourth sentence of Paragraph 56(e) purport to characterize SMCRA, which speaks for itself and is the best evidence of its own content. Defendant denies any allegations inconsistent with its plain language, context, or meaning.

56(f). The allegations in Paragraph 56(f) consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

56(g). The allegations in Paragraph 56(g) consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

56(h). The allegations in Paragraph 56(h) consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

56(i). The allegations in Paragraph 56(i) consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

56(j). The allegations in the first, third, fourth, and sixth sentences of Paragraph 56(i) consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. The allegations in the second sentence of Paragraph 56(j) purport to characterize *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457 (2001), which speaks for itself and is the best evidence of its own content. Defendant denies any allegations inconsistent with its plain language, context, or meaning. The allegations in the fifth sentence of Paragraph 56(j) purport to characterize *West Virginia v. EPA*, 597 U.S. 697 (2022), which speaks for itself and is the best evidence of its own content. Defendant denies any allegations inconsistent with its plain language, context, or meaning.

56(k). Defendant denies the allegations in Paragraph 56(k).

56(l). Defendant denies the allegations in Paragraph 56(l).

56(m). The allegations in the first and second sentences of Paragraph 56(m) purport to characterize the 2026 TDN Rule and *Federal Register* notice, which speak for themselves and are the best evidence of their own contents. Defendant denies any allegations inconsistent with their plain language, context, or meaning. Defendant denies the allegations in the third and fourth sentences of Paragraph 56(m).

56(n). Defendant denies the allegations in the first sentence of Paragraph 56(n). The allegations in the second, third, and fourth sentences of Paragraph 56(n) consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

56(o). Defendant denies the allegations in the first, second, third, seventh, and eighth sentences of Paragraph 56(o). The allegations in the fourth, fifth, and sixth sentences of Paragraph 56(o) consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

56(p). The allegations in the first, fourth, fifth, and sixth sentences of Paragraph 56(p) consist of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations. The allegations in the second and third sentences of Paragraph 56(p) appear to characterize SMCRA, which speaks for itself and provides the best evidence of its own contents. Defendant denies any allegations inconsistent with its plain language, context, or meaning.

56(q). Defendant denies the allegations in the first sentence of Paragraph 56(q). The allegations in the second, third, and fourth sentences of Paragraph 56(q) purport to characterize

SMCRA, which speaks for itself and is the best evidence of its own content. Defendant denies any allegations inconsistent with its plain language, context, or meaning.

56(r). Defendant denies the allegations in Paragraph 56(r).

56(s). Defendant denies the allegations in Paragraph 56(s).

56(t). Defendant denies the allegations in Paragraph 56(t).

56(u). Defendant denies the allegations in Paragraph 56(u).

56(v). Defendant denies the allegations in Paragraph 56(v).

**Count II**

57. The responses to Paragraphs 1-56 are incorporated here by reference.

58. Defendant denies the allegations in the first and fourth sentences of Paragraph 58. The allegations in the second and third sentences of Paragraph 58 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

59. The allegations in Paragraph 59 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

**CONCLUSION AND PRAYER FOR RELIEF**

The remainder of the Complaint constitutes Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the relief sought or to any form of relief whatsoever.

**GENERAL DENIAL**

Defendant denies any allegations of the Complaint, whether express or implied, including any allegations reflected in the Complaint's section headings, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief may be granted.

2. Plaintiffs have failed to properly establish subject matter jurisdiction.

3. Plaintiffs fail to challenge final agency action.

4. Plaintiffs lack standing to bring some or all of their claims.

5. Plaintiffs have failed to demonstrate that some or all of their claims are ripe for judicial review.

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiffs all relief requested, dismiss the Complaint with prejudice, grant judgment for Defendant and against Plaintiffs, and grant Defendant such other relief as the Court deems appropriate.

Respectfully submitted this 15th day of September 2026.

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Energy and Natural Resources Division

*/s/ Paul A. Turcke*
PAUL A. TURCKE
Trial Attorney (Idaho Bar No. 4759)
Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
(202) 532-5994
paul.turcke@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of September 2026, a true and correct copy of the foregoing is being served via the Court's CM/ECF system upon all counsel of record.

/s/ *Paul A. Turcke*
Paul A. Turcke