**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS COAL COUNCIL, et al.,<br><br>Plaintiffs,<br>v.<br><br>DOUG BURGUM, in his official capacity as Secretary, United States Department of Interior,<br><br>Defendant. | Civil Action No. 26-1348 (RBW) |

**ORDER**

On April 20, 2026, the plaintiffs, Citizens Coal Council, Appalachian Voices, and Sierra Club ("the plaintiffs"), brought suit against Doug Burgum in his official capacity as Secretary of the United States Department of the Interior ("the Department") challenging the Department's promulgation of the 2026 Rule titled "Rescission of the 'Ten Day Notices ["TDN"] and Corrective Action for State Regulatory Program Issues' Rule, Issued April 9, 2024" ("2026 TDN Final Rule") as "final agency action that is arbitrary, capricious, and otherwise inconsistent with law." Id. at 2 (citing 91 Fed. Reg. 7835 (Feb. 19, 2026)). The 2026 TDN Final Rule concerns the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. §§ 1201–1328 ("SMCRA"), specifically the "governing the [] TDN process and [the] issuance of [] TDNs to state regulatory authorities regarding alleged violations of SMCRA." Id. The 2026 TDN Final Rule in essence reinstitutes the previously adopted 2020 TDN Final Rule, Clarification of Provisions Related to the Issuance of Ten-Day Notices to State Regulatory Authorities and Enhancement of Corrective Action for State Regulatory Program Issues, 85 Fed. Reg. 75150 ("2020 TDN Final Rule") (Nov. 24, 2020), and rescinds the rule promulgated in 2024 by the

Department, Ten-Day Notices and Corrective Action for State Regulatory Program Issues, 89 Fed. Reg. 24714 ("2024 TDN Final Rule") (Apr. 9, 2024).

On May 29, 2026, the states of Alabama, Alaska, Arkansas, Indiana, Kentucky, Montana, North Dakota, Texas, Utah, West Virginia, and Wyoming, as well as the Alabama Surface Mining Commission ("the Intervenor States"), filed a motion to intervene in this case. Intervenor States' Motion to Intervene ("Mot. to Intervene") at 1, ECF No. 7. The Intervenor States allege that pursuant to Federal Rule of Civil Procedure 24(a), they satisfy the requirements to intervene as of right. Alternatively, the Intervenor States argue that they also satisfy the requirements for permissive intervention under Federal Rule of Civil Procedure 24(b). Id. at 1–2 (citing Fed. R. Civ. Pro. 24(a)-(b)). The plaintiffs and the defendants have not filed an opposition to the Intervenor States' motion, and upon consideration of the Intervenor States' motion, the Court concludes that it must grant the motion to intervene as of right.

## I. STANDARD OF REVIEW

### A. Rule 24 Motion to Intervene

Federal Rule of Civil Procedure 24(a) provides that "on timely motion," a court must allow a movant to intervene if the movant

> (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). The District of Columbia Circuit has identified four requirements for intervention as of right: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's

interests." Karsner v. Lothian, 532 F.3d 876, 885 (D.C. Cir. 2008) (quoting Sec. Exch. Comm'n v. Prudential Sec. Inc., 136 F.3d 153, 156 (D.C. Cir. 1998)). Additionally, the District of Columbia Circuit has also held that "intervenors must demonstrate Article III standing." Deutsche Bank Nat'l Trust Co. v. Fed. Deposit Ins. Co., 717 F.3d 189, 193 (D.C. Cir. 2013).[1]

## II. ANALYSIS

### A. Article III Standing

The Intervenor States seek to intervene as of right pursuant to Rule 24(a)(2), or in the alternative, to intervene permissibly pursuant to Rule 24(b). See Intervenor States' Mot. at 1–2. However, "[b]ecause [the movants'] Article III standing presents a question to this [C]ourt's jurisdiction, [the Court] [will] address it first . . . [before] consider[ing] the four factors set forth in Rule 24(a)(2)."[2] Wash. Alliance of Tech. Workers v. U.S. Dep't of Homeland Sec., 395 F. Supp. 3d 1, 15 (D.D.C. 2019) (Walton, J.) (third, fourth, fifth, sixth, and seventh alterations in original) (citation omitted) (quoting Fund for Animals, Inc. v. Norton, 322 F.3d 728, 732 (D.C. Cir. 2003)). Although the Intervenor States do not address their standing in their motion, the

[1] As stated recently by the Circuit, "intervenors that seek the same relief sought by at least one existing party need [not possess Article III standing][,]" but that position "is in tension with some of the [Circuit's] precedent requiring an intervenor to demonstrate Article III standing even if pursuing the same relief as an existing party." See Institutional S'holder Servs., Inc. v. Secs. and Exch. Comm'n, 142 F.4th 757, 764 n.3 (D.C. Cir. 2025) (citing Little Sisters of the Poor Saints Peter and Paul Home v. Pennsylvania, 591 U.S. 657, 674 n.6 (2020)); but see Yocha Dehe v. United States Dep't of the Interior, 3 F.4th 427, 430–432 (D.C. Cir. 2021) (holding that for a movant to intervene "under Rule 24(a), the movant must demonstrate that it has standing under Article III of the U.S. Constitution.") (citation omitted). Here, it is clear that the Intervenor States seek the same relief as the Department which is for this Court to uphold the 2026 TDN Final Rule. Thus, the Intervenor States may not need to demonstrate Article III standing in order to intervene in this case. However, because of the "tension" between the conflicting requirements stated by the Circuit and in the interest of thoroughness, the Court will address whether the Intervenor States' have Article III standing.

[2] As noted above, the Court concludes that the Intervenor States satisfy the standard to intervene as of right under Rule 24(a), thus the Court need not wade into the question whether under Rule 24(b) Article III standing is also required as "[i]t is unsettled whether permissive intervenors must show standing in the D.C. Circuit as part of their jurisdictional showing." Scott Valley Band of Pomo Indians v. Burgum, No. 25-cv-958 (TNM), 2025 WL 1178598 at *10 (Apr. 23, 2025 D.D.C.) (citing In re Endangered Species Act Section 4 Deadline Litig. – MDL No. 2165, 704 F.3d 972, 980 (D.C. Cir. 2013); Deutsche Bank Nat'l Tr. Co., 717 F.3d, at 195–96 (Silberman, J., concurring)).

Court must first assess whether the Intervenor States do in fact have standing to intervene in this case. The Court finds that they do.

For a party to have standing it must be demonstrated that (1) the party has "suffered an injury in fact[,]" (2) there "must be a causal connection between the injury and conduct complained of[,]" and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Lujan v. Defs. Of Wildlife, 504 U.S. 555, 560–562 (1992) (internal quotation marks and citations omitted).

To establish an injury in fact, the party must show that it has suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Id. at 560 (internal quotation marks omitted); see also Spokeo v. Robins, 578 U.S. 330, 339–40 (2016) (defining a "particularized" injury as one that "affect[s] the in a personal and individual way" and a "concrete" injury as a "real, and not abstract" injury that "must actually exist" (internal quotation marks omitted)). When states are "the object" of an agency's rule requirement "there can be little question that the rule does injure the State . . . ." West Virginia v. Env't Prot. Agency, 597 U.S. 697, 719 (2022) (citing Lujan, 504 U.S. at 561–562) (cleaned up). That is the case here, as if the Court were to find that the 2026 TDN Final Rule was "arbitrary and capricious" and thus must be "set aside and vacated[,]" Complaint at 36–37, this would "have a direct effect on the States[,]" 2024 TDN Final Rule at 24723, by increasing the regulatory activity required by the Intervenor States, see 2020 TDN Final Rule at 71589 (noting that the rule would "reduce burdens on State regulatory authorities . . . and increase[] efficiency in resolving State Regulatory authority program issues."). It is also clear to the Court that the potential injury to the Intervenor States would be "causally" connected to a potential remand or reinstatement of the 2024 TDN Final Rule and that the potential injury

would be "redressed" by a decision favorable to the Intervenor States. Lujan 504 U.S. at 560–562. Therefore, the Intervenor States have Article III standing in this case.

**B. Rule 24 Intervention**

Having concluded that the Intervenor States have established Article III standing, the Court next turns to whether the Intervenor States have satisfied the requirements for intervention as a matter of right, pursuant to Rule 24(a)(2), or, in the alternative, permissive intervention pursuant to Rule 24(b). See Mot. to Intervene at 1. For the reasons set forth below, the Court concludes that the Intervenor States have satisfied the requirements of Rule 24(a)(2). [3]

As to the first Rule 24(a)(2) requirement, the Court concludes the Intervenor States' motion is timely. The District of Columbia Circuit has "stated that timeliness is to be judged in consideration of all the circumstances, especially weighing the factors of [the] time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case." United States v. Am. Tel. & Tel. Co., 642 F.2d 1285, 1295 (D.C. Cir. 1980). Because the Intervenor States filed their unopposed motion just a little over a month after the Complaint was filed and prior to the Department's Answer, the Court concludes that the motion is timely. See Fed. R. Civ. P. 24(a).

As to the second Rule 24(a)(2) requirement, the Court concludes that "[t]he 'interest' claimed by the [Intervenor States] . . . [is] 'legally protected.'" United States v. Morten, 730 F. Supp. 2d 11, 16 (D.D.C. 2010) (quoting Karsner, 532 F.3d at 885). Having already concluded that the Intervenor States have standing, see supra Part II.A, this " conclusion . . . alone [is] sufficient to establish that [they] ha[ve] 'a[] [legally protected] interest" in the subject of the

[3] Because the Court ultimately concludes that the Intervenor States are entitled to intervention as a matter of right, the Court need not address whether permissive intervention pursuant to Rule 24(b) should be granted.

action. Fund for Animals, 322 F.3d at 735. Accordingly, the Court concludes that the Intervenor States have satisfied this requirement.

As to the third Rule 24(a)(2) requirement, the Intervenor States must be "so situated that the disposition of the action may as a practical matter impair or impede [their] ability to protect [their] interest." Id. (quoting Fed. R. Civ. P. 24(a)(2)). "The inquiry into whether a legally[] cognizable interest will be impaired is 'not a rigid one: consistent with . . . [Rule 24's] reference to dispositions that may 'as a practical matter' impair the [applicants'] interests, courts look to the 'practical consequences' of denying intervention[.]'" W. Org. of Res. Councils v. Jewell, No. 14-1993 (RBW), 2015 WL 13711094, at *5 (D.D.C. July 15, 2015) (Walton, J.) (third, fourth, fifth, and sixth alterations in original) (quoting Wildearth Guardians v. Salazar, 272 F.R.D. 4, 13 (D.D.C. 2010)). "An action has the practical consequence of impairing prospective intervenors' interests when the unsuccessful 'disposition of the action would result in a substantial change in the status quo with respect to those interests,' such that 'the task of reestablishing the status quo if [parties] succeed[] . . . will be difficult and burdensome.'" Waterkeeper All., Inc. v. Wheeler, 330 F.R.D. 1, 7 (D.D.C. 2018) (alterations in original) (quoting District of Columbia v. Potomac Elec. Power Co., 826 F. Supp. 2d 227, 234 (D.D.C. 2011)). Having already concluded that the Intervenor States have a legally protected interest in the adoption of the 2026 TDN Final Rule, the Court also concludes that an order by this Court either remanding or reinstating the 2024 rulemaking "would result in a substantial change in the status quo with respect to th[at] interest[]," Waterkeeper All., 330 F.R.D. at 7 (quoting Potomac Elec. Power Co., 826 F. Supp. 2d at 234), and would therefore impair that interest.

Finally, the Intervenor States must show that without their involvement "the representation of [their] interest may be inadequate[,]" Trbovich v. United Mine Workers of

Am., 404 U.S. 528, 538 n.10 (1972), and "the burden of making that showing should be treated as minimal[,]" id. "Although there may be a partial congruence of interests, that does not guarantee the adequacy of representation." Fund for Animals, 322 F.3d at 737. Here, the Intervenor States argue that they "are charged with responding to the ten-day notices that are the subject of the 2026 [TDN Final] Rule and will be focused on how the Rule impacts the State regulatory agencies in their jurisdictions, whereas the federal government's interests are distinct." Mot. to Intervene at 11. Thus "Intervenor States might make different strategic choices in defending the 2026 [TDN Final] Rule because the Intervenor States are primarily responsible for regulation of surface coal mining and reclamation activities in their jurisdictions[,]" which may lead the Department and Intervenor States to possibly "disagree on some aspects of the 2026 Rule." Id. at 12. The Court, therefore, agrees with the Intervenor States that their interests are distinct from that of the Department's and considering the "minimal" burden in proving this final requirement, Trbovich, 404 U.S. at 538 n.10, the Court concludes that no party "adequately represent[s] [the Intervenor States'] interest." Fed. R. Civ. P. 24(a)(2). Accordingly, it is hereby

**ORDERED** that the Intervenor States' Motion to Intervene, ECF No. 7, is **GRANTED**. It is further

**ORDERED** that the Answer of Intervening Respondents to Plaintiff-Petitioners' Petition for Judicial Review, ECF No. 7-1, is **ACCEPTED AS FILED**, and the Clerk of the Court shall file it as a separate entry on the docket.

**SO ORDERED** this 2nd day of October, 2026.

REGGIE B. WALTON
United States District Judge